■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ROSARIO INGUAGIATO, Appellant.— Order unanimously reversed and matter remitted to Monroe County Court for further proceedings in accordance with the following Memorandum: Upon a plea of guilty to first degree rape defendant was sentenced in 1955 to an indeterminate sentence of one day to life. As a result of a petition filed by defendant *pro se,* County Court ordered that a mental examination be made by two psychiatrists and that a hearing be had to determine whether defendant is a danger to society or is capable of being benefited by confinement, in accordance with *People* v. *Bailey* (21 N Y 2d 588, 594). The psychiatrists selected had examined defendant in 1955 and it was upon their report to the court that he received the indeterminate sentence. The psychiatrist, who had not seen defendant since 1955, expressed the opinion that defendant was not psychotic and while he was not a danger to society, he needed further treatment because if he used alcohol he might molest children. The second psychiatrist had not only examined defendant in 1955 and 1968, but had also examined him in 1963 at the request of the Parole Board. It ·was upon his recommendation that defendant was paroled in 1963. He was returned to prison in 1965 for violating parole by drinking alcohol, but there was no sexual misconduct connected with his parole violation. This doctor also expressed the opinion that defendant was not psychotic, was not a danger to society, but concurred with his colleague's opinion that he might engage in sexual misconduct if he drank alcohol. A third psychiatrist testified for defendant and stated that from his 1968 examination he also found defendant not psychotic, not a danger to society and expressed the opinion that defendant needed no further treatment. The record before us casts doubt as to the need for further incarceration of defendant. He should be afforded another hearing at which the court should appoint two psychiatrists, who have not previously examined defendant, to examine him and testify as to their recommendations. Defendant should be represented by counsel and, if practicable, the same attorney who appeared for him at the last hearing, or the Public Defender who appeared for him in the argument before this court, unless defendant should elect to retain his own attorney. (Appeal ·from order of Monroe County Court holding, following a hearing, one day to life sentence proper.) Present — Goldman, P. J., Del Vecchio,· Witmer, Gabrielli and Moule, JJ.

■ NORMAN WISNISKY, Respondent, v. JOSEPH BECKER et al., Appellants.— Judgment insofar as appealed from unanimously reversed on the law and facts and a new trial granted, with costs to abide the event. Memorandum: Plaintiff fell while descending some steps of a building owned by defendant, sustaining serious injuries. Upon all the evidence, the jury was entitled to conclude that defendant had knowledge or notice of the existence of certain pigeon droppings on the top step. However, the finding of the jury, implicit in its verdict that plaintiff was caused to fall because of the presence of these droppings is against the weight of the credible evidence. We have examined defendant's remaining contentions and find them lacking in merit. (Appeal from certain parts of judgment of Onondaga Trial Term in negligence action.) Present — Goldman, P. J., Del Vecchio, Witmer, Gabrielli and Moule, JJ.